UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIZ ANTONIO DAMSCENO,   *
            *
  Petitioner,      *
            *
  v.         *
            *  Civil Action No. 1:26-cv-11591-IT
MARKWAYNE MULLIN, Secretary of the *
U.S. Department of Homeland Security, et *
al.,          *
            *
  Respondents.

MEMORANDUM & ORDER

July 14, 2026

TALWANI, D.J.

Pending before the court is Petitioner Luiz Antonio Damsceno's [Renewed] Petition for Writ of Habeas Corpus [Doc. No. 1] ("Renewed Petition"). For the reasons below, Respondents shall show cause, no later than July 21, 2026, why the Renewed Petition should not be GRANTED.

**I. Background**

Petitioner is a Brazilian citizen currently detained at Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶¶ 1, 3 [Doc. No. 1].

Petitioner asserts, and Respondents do not contest, that on November 6, 2024, an immigration judge ordered Petitioner's removal but granted Petitioner withholding of removal to Brazil. Pet. ¶ 2. On or about December 26, 2024, U.S. Immigration and Customs Enforcement ("ICE") released Petitioner on an Order of Supervision ("OSUP"). Id. ¶ 17.

On December 17, 2025, ICE detained Petitioner. Id. ¶ 1. On or about December 23, 2025, ICE issued Petitioner a notice of revocation of release pursuant to 8 C.F.R. § 241.4. Id. ¶ 19.

On December 19, 2025, Petitioner filed his first Petition for Writ of Habeas Corpus in this court. Pet. for Writ of Habeas Corpus, Damsceno v. Noem, No. 25-cv-13904-IT (D. Mass. Dec. 19, 2025), Dkt. No. 1. In that Petition, Petitioner argued, *inter alia*, that there was no significant likelihood of his removal in the reasonably foreseeable future and that, accordingly, his continued detention was unauthorized. Id. at 5–6. On March 4, 2026, this court extended Petitioner's deadline to file a reply and noted that in the absence of a reply, "the court anticipate[d] denying the Petition without prejudice to refile, should Petitioner's detention extend beyond a 'presumptively reasonable period of detention.'" Electronic Order, Damsceno v. Noem, No. 25-cv-13904-IT (D. Mass. Mar. 4, 2025), Dkt. No. 12 (quoting Zadvydas v. Davis, 533 U.S. 678, 701 (2001)). Petitioner did not file a reply and the court dismissed the Petition without prejudice on March 13, 2026. Electronic Order, Damsceno v. Noem, No. 25-cv-13904-IT (D. Mass. Mar. 13, 2025), Dkt. No. 13.

## II.    The Renewed Petition

On April 3, 2026, Petitioner filed the pending Renewed Petition [Doc. No. 1]. Petitioner contends that though Respondents seek to remove Petitioner to a country other than Brazil, Respondents are unlikely to do so in the reasonably foreseeable future. Pet. ¶ 4. Petitioner asserts Respondents had not secured travel documents necessary for Petitioner's removal when Respondents revoked Petitioner's OSUP and did not identify in their notice revoking Petitioner's OSUP a third country that had agreed, or was likely to agree, to accept Petitioner. Id. ¶¶ 20, 31. Petitioner notes that Respondents have still not informed him of concrete plans to remove him or requested his cooperation to effect removal. Id. ¶ 38.

In response, Respondents do not contest these assertions but assert that Petitioner's detention continues to be presumptively reasonable where, at the time of Petitioner's filing of the Renewed Petition, Petitioner still had not yet been detained for six months. Resp'ts' Opp'n to

Pet. for Writ of Habeas Corpus 3–4 [Doc. No. 8]. In reply, Petitioner maintains that under these circumstances his detention is unreasonable and unauthorized by statute. Reply to Resp. to Pet. ¶ 11 [Doc. No. 9] (citing Zadvydas v. Davis, 533 U.S. 678 (2001)).

On June 4, 2026, the Renewed Petition [Doc. No. 1] was transferred to this session.

### III.  Conclusion

Petitioner's detention has now extended well beyond any presumptively reasonable period, where Petitioner was first detained six months ago on December 17, 2025. At this juncture, where Petitioner has provided good reason to believe that there is no significant likelihood of his removal from the United States, the burden is on Respondents to rebut his showing. Zadvydas, 533 U.S. at 701 ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."). No later than July 21, 2026, Respondents: (1) shall release Petitioner from custody under an Order of Supervision and subject to reasonable conditions; or (2) show cause, with evidence sufficient to rebut Petitioner's showing, that there is a significant likelihood of his removal from the United States in the reasonably foreseeable future.

IT IS SO ORDERED.

July 14, 2026                                    /s/ Indira Talwani
                                                 United States District Judge

3